IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR.,<br><br>   Plaintiff,<br><br>   vs.<br><br>DEPUTY PROBATION OFFICER KRISTEN CARTER, et al.,<br><br>   Defendants. | No. C 14-00925 YGR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Plaintiff has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has also filed a motion for leave to proceed *in forma pauperis* ("IFP"), which will be granted in a separate written Order.

In his complaint, Plaintiff has alleged claims against Alameda County Deputy Probation Officer Kristen Carter and Oakland Police Technician C. Cooper. Dkt. 1 at 3-8. He has also alleged a claim for supervisory liability against former Oakland Police Chief Wayne Tucker and a municipal liability against the Oakland Police Department. *Id.* at 9-12.

Plaintiff seeks monetary damages and the "termination of all parties involved." *Id.* at 3.

## DISCUSSION

### I.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   Legal Claims

### A.   Claims Against Defendant Deputy Probation Officer Kristen Carter

Plaintiff claims that Defendant Carter "failed to conduct an adequate investigation into the 'claimed losses' by [the] alleged 'victims'." Dkt. 1 at 3. Specifically, Defendant Carter prepared Plaintiff's probation report prior to sentencing and attached "restitution claim forms" (submitted by two victims), which are "uttterly unsupported with documentary evidence as required by law." *Id.* at 4. In essence, the Court construes Plaintiff's claim to be that Defendant Carter prepared a probation report containing false or, in his words, "unsupported," statements. Although Plaintiff has not provided any more details to support his allegation Defendant Carter prepared a probation report containing false/unsupported statements, it is not necessary for him to recite more facts because it is readily evident that there is an absolute bar to Plaintiff's claim insofar as it seeks monetary damages from this Defendant. Probation officers possess an absolute judicial immunity from damage suits under section 1983 for official functions bearing a close association to the judicial process. *See Demoran v. Witt*, 781 F.2d 155, 156-58 (9th Cir. 1985) (immunity for preparing reports for use by state courts). Therefore, Defendant Carter has absolute judicial immunity from Plaintiff's claim for damages for alleged false/unsupported information in his probation report. Therefore, his claims against Defendant Carter are DISMISSED for this reason.

In the event that Plaintiff's claim could also be construed as one that seeks to challenge the restitution aspect of his conviction, such a claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-487. A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.*

When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of her continued confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. at 487.

Here, as mentioned above, Plaintiff's claim could be construed as a challenge to the validity of the restitution aspect of his conviction, but his conviction has not been invalidated, so such a claim would also be DISMISSED. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed *sua sponte* without prejudice).

Accordingly, Plaintiff's claims against Defendant Carter are DISMISSED without prejudice.

### B. Claims Against Defendant Oakland Police Technician Cooper

Plaintiff alleges that "on or about 6-17-12," he "received a newly discovered police report wherein he discovered that [Defendant Cooper] 'found and/or recovered $4956.00, and returned it to the store' within hours of the alleged crime." Dkt. 1 at 7. However, Plaintiff claims that this information was "never disclosed to [him]." *Id.* Plaintiff adds that Defendant Cooper "testified during Plaintiff's criminal trial, but never made mention of any loss amounts that [were] 'recovered and returned to the store' . . . ." *Id.* at 8. In essence, Plaintiff claims that Defendant Cooper wrongfully "suppressed" the "'returned losses' until June of 2012." *Id.* However, even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff's claim against Defendant Cooper is insufficient to even state a cognizable claim. "[A] plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).

3

1  Plaintiff merely proffers that he has recently discovered a police report indicating that Defendant
2  Cooper recovered $4956.00 and returned it to its rightful owner.  Dkt. 1 at 7.  Plaintiff infers that
3  Defendant Cooper's actions of not disclosing this information was to "suppress" evidence.
4  However, Plaintiff has not provided enough facts to raise this allegation above the speculative level,
5  as explained below.

6        The government has a duty under due process to preserve material evidence, i.e., evidence
7  whose exculpatory value was apparent before it was destroyed and that is of such a nature that the
8  defendant cannot obtain comparable evidence by other reasonably available means.  *See California*
9  *v. Trombetta*, 467 U.S. 479, 489 (1984).  The exculpatory value of the evidence must be "apparent";
10 the possibility that evidence could have exculpated a defendant if preserved and tested is insufficient
11 to satisfy the standard of constitutional materiality in *Trombetta*.  *Arizona v. Youngblood*, 488 U.S.
12 51, 56 n.\* (1988).  Further, a police officer's failure to preserve or collect potential exculpatory
13 evidence does not violate the Due Process Clause unless the officer acted in *bad faith*.  *See*
14 *Cunningham v. Perez*, 345 F.3d 802, 812 (9th Cir. 2003) (while officer's investigative work may
15 have been negligent or incomplete, it was not conducted in bad faith and plaintiff did not allege
16 specific, nonconclusory facts showing officer engaged in conscious effort to suppress exculpatory
17 evidence) (citing *Youngblood*, 488 U.S. at 58).  "The presence or absence of bad faith by the police
18 for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the
19 exculpatory value of the evidence at the time it was lost or destroyed."  *Youngblood*, 488 U.S. at 56
20 n.\*.

21       Here, Plaintiff not alleged any facts that the $4956.00 had exculpatory value apparent before
22 it was returned to the rightful owner.  In addition, Plaintiff has not alleged that Defendant Cooper
23 acted in bad faith, i.e., that Defendant Cooper knew of the exculpatory value of the evidence but still
24 returned it to the owner.  Accordingly, Plaintiff's claims against Defendant Cooper are DISMISSED
25 without prejudice.

26     **C.**    **Supervisory Liability Claim Against Defendant Oakland Police Chief Tucker**
27       Plaintiff sues Defendant Tucker in his supervisory capacity.  Plaintiff does not allege facts
28

4

demonstrating that Defendant Tucker violated his federal rights, but seems to claim Defendant Tucker is liable based on the conduct of his subordinate, Defendant Cooper. There is, however, no respondeat superior liability under section 1983 solely because a defendant is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

Plaintiff's claim against Defendant Tucker is therefore DISMISSED without prejudice.

### D. Municipal Liability Claim Against Defendant Oakland Police Department

Finally, Plaintiff has not alleged grounds for municipal liability against Defendant Oakland Police Department based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under section 1983 under respondeat superior theory). Accordingly, Plaintiff's claim against Defendant Oakland Police Department is DISMISSED without prejudice.

### CONCLUSION

For the foregoing reasons, Plaintiff's claims are DISMISSED without prejudice. Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous). The Clerk of the Court shall enter judgment, terminate all pending motions as moot, and close the file.

IT IS SO ORDERED.

DATED: October 29, 2014

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE